# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIMMICK CONSTRUCTION COMPANY, INC./OBAYASHI CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICINE MECCANICHE GALLETTI-O.M.G. S.R.L., *et al.*,<br><br>　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 13-cv-2700-BAS(JLB)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE PORTIONS OF CONSOLIDATED AMENDED COMPLAINT**<br><br>**[ECF No. 43]** |

　　　　Pursuant to Federal Rule of Civil Procedure 12(f), Defendants Plant Outfitters, LLC, Plaint Architects, LLC, and RS1 Holdings, Inc.[1] move to strike portions of Plaintiff Shimmick Construction Company Inc./Obayashi Corporation ("SOJV")'s Consolidated Amended Complaint ("CAC").  The remaining defendants have not joined in the motion to strike.  Plaintiff opposes.

　　　　The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the Court **DENIES** Defendants' motion to strike.

---

[1] For the purposes of this order, the Court will refer to the moving defendants as "Defendants."

- 1 -

## I. BACKGROUND

Plaintiff summarizes the nature of this action as follows in its consolidated amended complaint:

> This action arises out of the failure of Robert W. Ober and his corporate entities' to design and provide a conforming concrete batch plant to SOJV and, further, the Sicoma-related entities' manufacture, sale, and delivery of defective and nonconforming concrete mixers to SOJV for use in the construction of the San Vincente dam-raise project. The nonconformities of the batch plant Mr. Ober and his corporate entities designed and provided have caused substantial damages to SOJV. Likewise, the defective and nonconforming concrete mixers, which are one component of the batch plant, have caused significant damages to SOJV. Consequently, SOJV seeks monetary and equitable relief.

(CAC ¶ 1.) In April 2010, Plaintiff "entered into a contract with the San Diego County Water Authority for the construction of the San Vincente Dam-Raise Project[,]" which required raising the height of the dam by 117 feet. (*Id.* ¶¶ 45–49.) According to Plaintiff, "[t]o produce a sufficient amount of concrete to timely complete the construction of the dam, SOJV required a batch plant capable of producing at least six compacted cubic yards of [roller-compacted concrete ("RCC")] output per batch." (*Id.* ¶ 49.)

In June 2010, Plaintiff executed the first contract with Robert Ober, apparently on behalf of Plant Outfitters, for the purchase of components needed for the batch plant that incorporated a proposal with various obligations related to the mixers among other things. (CAC ¶¶ 74–83; CAC Ex. 3.) Shortly thereafter, Plaintiff executed the second contract "for a comprehensive design package for a customized RCC conveyor system" with "RS1 Holdings, Inc. dba Plant Architects and Plant Outfitters (Plant Architects)." (CAC ¶ 85; CAC Ex. 4.) The Sicoma Defendants—which consist of Officine Meccaniche Galletti-O.M.G. S.r.l. ("OMG"), Societa Italiana Construzione Macchine S.r.l. ("Sicoma Italy"), and Sicoma North America, Inc.—are parties to this action because they allegedly "manufactured the concrete mixers and wear parts for the concrete mixers (i.e., parts that are expected to wear over time due to use)[.]" (CAC ¶¶ 5–15.)

On November 11, 2013, Plaintiff commenced this action against Sicoma North America. On February 3, 2014, Plaintiff filed another complaint in the Orange County Superior Court against Robert W. Ober, RS1 Holdings, Robert Ober & Associates, Inc., Plant Architects, and Plant Outfitters (collectively, "Ober Defendants"), which was eventually removed to federal court.[2]

On July 10, 2014, Sicoma North America filed its answer and counterclaim to the consolidated amended complaint, and OMG and Sicoma Italy also filed their answer.

Eventually, the Court granted the parties' joint motion to consolidate the two actions with this action as the lead case, and later-filed action as the member case. Plaintiff then filed its consolidated amended complaint, which asserts causes of action that range from breach of contract, breaches of warranties, and violations of California's Unfair Competition Law. There are six causes of action asserted against the Ober Defendants and four asserted against the Sicoma Defendants. Defendants now move to strike portions of the consolidated amended complaint. Plaintiff opposes.

## II.   LEGAL STANDARD

Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp. 2d 1136, 1139 (S.D. Cal. 2006). As a general matter:

//
//

---

[2] *Shimmick Construction Company, Inc./Obayashi Corporation v. Ober*, No. 14-cv-952-BAS(JLB).

> [w]hile a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits. To that end, courts have held that a motion to strike matter from a complaint simply for being redundant, immaterial, impertinent, or scandalous "should only be granted if 'the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit.'"

*McRee v. Goldman*, No. 11-CV-00991, 2012 WL 929825, at *5 (N.D. Cal. Mar. 19, 2012) (quoting *New York City Emps.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)). "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'" *Berry*, 667 F. Supp. 2d at 1128.

Rule 8(a) requires each plaintiffs to "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 849 (9th Cir. 2000). It requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011); *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and almost entirely conclusory").

**III. DISCUSSION**

Defendants move to strike a total of 60 allegations in the complaint.[3] They justify their position primarily on two grounds: (1) Defendants would be burdened and

---

[3] Defendants' motion to strike targets several categories of allegations in the CAC: (1) allegations about Mr. Ober's "day-to-day dealings with SOJV as an agent to the signatory on the contract" (CAC ¶¶ 35, 50, 51, 53, 68, 71, 87–89, 98–100, 102, 104, 106–110, 116, 118–121, 123, 124, 126); (2) allegations about the email signature block (CAC ¶¶ 54, 72, 84, 91, 93, 94, 101, 111, 112, 125); (3) various purportedly immaterial and unnecessary allegations (CAC ¶¶ 24, 90, 92, 128, 129, 138); and (4) various allegations that purportedly "serve no purpose but to burden Defendants" (CAC ¶¶ 58–60, 62–65, 67, 69, 70, 73, 79, 80, 166, 219–221, 231, 273).

prejudiced in having to respond to the voluminous allegations; and (2) the complaint's substantial length "confuses the issues before this Court." (Defs.' Mot. 6:14–26; Defs.' Reply 1:20–3:8.) Defendants also suggest that the enormous volume of allegations serves a "devious or clever" purpose of circumventing this district's page limitations for briefs in anticipation of a jurisdictional challenge by Defendants. (Defs.' Mot. 4:11–21.)

Defendants fail to adequately demonstrate that they would be burdened and consequently prejudiced by having to respond to the copious allegations in the CAC. For good measure, the Sicoma Defendants filed their answers to the CAC, apparently without any problems. (ECF Nos. 41, 42.) The fact that the extensive length of the complaint creates "too much work" is indeed a burden—carried not only by Defendants, but also this Court and the other parties to this action—but it fails to demonstrate prejudice. Consequently, though the Court recognizes that some of the identified allegations are literally within one or more categories set forth in Rule 12(f), granting the motion to strike for this reason is not warranted. *See Berry*, 667 F. Supp. 2d at 1128.

The allegations that Defendants identify also do not lead to any confusion regarding the issues. The Court recognizes that Plaintiff may be unnecessarily verbose and over-inclusive, but the considerable length of the complaint is not so convoluted as to warrant relief under Rule 12(f). The fact that Defendants intelligently and meticulously deconstructed and categorized the numerous allegations in the complaint demonstrates that confusion will not be a problem proceeding with the CAC as drafted. Thus, the Court finds that the hefty volume of the allegations is not so burdensome as to confuse issues in this action.

In sum, though the significant volume of allegations in the complaint tests the limits of Rule 8(a), it does not do so in a manner that prejudices Defendants or confuses the issues before this Court. *See McRee*, 2012 WL 929825, at *5. It would have served Defendants better to have spent their resources drafting an answer rather than the briefs

for their motion to strike. Furthermore, Defendants' suggestion of some nefarious purpose in drafting the complaint lacks merit. Plaintiff is entitled to allege facts that are acceptable under the boundaries set by the Federal Rules of Civil Procedure, which it has done in this action. *See* Fed. R. Civ. P. 8, 10, 12.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendants' motion to strike portions of the consolidated amended complaint.

**IT IS SO ORDERED.**

**DATED: November 3, 2014**

*[signature]*
**Hon. Cynthia Bashant**
**United States District Judge**