1
2
3
4
5
6
7

8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  SHIMMICK CONSTRUCTION                 Case No. 13-cv-2700-BAS(JLB)
    COMPANY, INC./OBAYASHI
    CORPORATION,                          **ORDER DENYING PLAINTIFF'S**
12                                        **MOTION TO FILE DOCUMENTS**
                              Plaintiff,  **UNDER SEAL**
13
        v.                                **[ECF Nos. 107, 112]**
14
    OFFICINE MECCANICHE
15  GALLETTI-O.M.G. S.R.L., *et al.*,

16                            Defendants.

17

18          Pending before the Court is Plaintiff's motion to file portions of exhibits

19  supporting its opposition to Defendants' summary-judgment motion under seal.  To

20  date, Defendants have not opposed.

21          For the following reasons, the Court **DENIES** Plaintiff's motion to file

22  documents under seal.  (ECF No. 112.)

23

24  **I.    ANALYSIS**

25          Two standards generally govern motions to seal documents.  *Pintos v. Pac.*

26  *Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).  The standard varies depending on

27  whether the documents are general judicial records or "private materials unearthed

28  during discovery."  *Id.* at 678-79.

"[A] 'compelling reasons' standard applies to most judicial records." *Pintos*, 605 F.3d at 677-78.  A party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 678 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)) (internal quotation marks omitted).  This standard derives from the common-law right "to inspect and copy public records and documents, including judicial records and documents." *Id.*; *see also Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978).  As long as the particular document is not one that is "traditionally kept secret," the presumption of access "extends to pretrial documents filed in civil cases, including materials submitted in connection with motions for summary judgment." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003).  However, this right to access is not absolute.  "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598).  But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

A less burdensome "good cause" standard applies when a party seeks to seal "private materials unearthed during discovery," which are not part of the judicial record. *Pintos*, 605 F.3d at 678.  The court applies the lower burden to such documents because "[t]he cognizable public interest in judicial records that underlies the 'compelling reasons' standard does not exist for documents produced between private litigants." *Id.* (citing *Kamakana*, 447 F.3d at 1180).  Under such circumstances, Federal Rule of Civil Procedure 26(c) governs.  Rule 26(c) provides that a trial court may grant a protective order "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." The relevant standard for the purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Furthermore, documents attached to non-dispositive motions must also meet the less burdensome standard under Rule 26(c). *Foltz*, 331 F.3d at 1135 (discussing *Phillips*, 307 F.3d at 1213); *see also Pintos*, 565 F.3d at 678-79; *Kamakana*, 447 F.3d at 1180.

"The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179. However, the basis of Plaintiff's request to seal is that certain documents were designated "confidential" in accordance with the protective order. (Pl.'s Mot. 9:20–10:13.) Each exhibit identified for sealing, amounting to nineteen exhibits in total, is an email communication where Plaintiff asserts "confidentiality of this document" and contends that the document contains "commercially sensitive information about non-parties." (*Id.* at 3:5–8:21.) Plaintiff adds that several of these exhibits should be sealed also due to pricing information, pricing negotiations, or third-party names. (*Id.*) The existence of the protective order is inadequate to rebut the presumption of access afforded to the public. *See Foltz*, 331 F.3d at 1136. Furthermore, Plaintiff fails to explains how the identified documents might become a vehicle for improper purposes. *See Kamakana*, 447 F.3d at 1178-79. There is no indication that the identified documents may be used to "gratify public spite, promote public scandal, circulate libelous statements, or release trade secrets." *See id.*

Because Plaintiff fails to provide a compelling reason to seal the identified documents, Plaintiff also fails to justify sealing those documents. *See Kamakana*, 447 F.3d at 1178-79; *Foltz*, 331 F.3d at 1136.

//

//

1  II.    **CONCLUSION & ORDER**

2          In light of the foregoing, the Court **DENIES** Plaintiff's amended motion to file

3  documents under seal.  (ECF No. 112.)  Accordingly, Plaintiff shall file all of the

4  remaining exhibits in support of its opposition on the public docket.  Furthermore, the

5  Court also **TERMINATES** Plaintiff's previously filed motion to file documents under

6  seal (ECF No. 107) in light of its explanation that that motion is substantively identical

7  to this one.  (Pl.'s Mot. 1 n.1.)

8          **IT IS SO ORDERED.**

9

10  **DATED: October 5, 2015**

11                                                  _Cynthia Bashant_

12                                                  **Hon. Cynthia Bashant**
                                                    **United States District Judge**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28